UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Jewell, | No. C 09-1669   JL |
| Plaintiff, | **BRIEFING ORDER** |
| v. | |
| Polar Tankers Inc, | |
| Defendants. | |

The Court reviewed the parties' five-page Joint Statement regarding their discovery dispute. Defendants claim the self-critical analysis privilege under Rule 501, Federal Rules of Evidence, for their Incident Investigation Report ("IIR") and related witness testimony by Persons Most Knowledgeable under Rule 30(b)(6) Federal Rules of Civil Procedure.

Rule 501 provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as the which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

There is no dispute that this is a federal question case (personal injury to a seaman under the Jones Act) and federal law determines the existence and scope of privilege.

The Court finds that the legal and factual issues in this dispute are too complex and the law too unsettled to be adequately discussed in such a short brief, although the parties did an excellent job in the space they had to work with.

Accordingly, the Court hereby orders the parties to address the following:

1. Why are we discussing the self-critical analysis privilege when neither the U.S. Supreme Court nor the Ninth Circuit expressly recognize it?
2. Is any protection which may exist for documents and testimony reflecting self-critical analysis more a public policy favoring confidentiality for these kinds of reports and testimony?
3. Was the Coast Guard report (which Defendants have allegedly already produced ) voluntary or involuntary? Is it a matter of public record? Is it the same as the IIR? Were there other reports? What is their status?
4. How do the parties reconcile the contradictory lines of cases - one says that involuntary reports, for example to regulatory agencies, should be privileged, to encourage full disclosure; the other says that since people and companies are required to file these reports anyway, that disclosure in discovery wouldn't chill future reporting.
5. Have Defendants placed the subject matter of the IIR at issue? For example, by asserting a particular cause of the accident as a defense?
6. Is there some form of waiver of either privilege or confidentiality for the IIR? If so, what is the scope of the waiver?
7. Is Federal Rule of Evidence 407 implicated in this case? (subsequent remedial measures not admissible to prove negligence)
8. Have the four *Dowling* factors to find privilege and preclude discovery been met in this case? Why or why not?

The four factors to be considered are:

(1) the information must result from a critical self-analysis undertaken by the party seeking protection,

1     (2) the public must have a strong interest in preserving the free flow of the type of
information sought,

    (3) the information must be of the type whose free flow would be curtailed if discovery were allowed, and

    (4) the information was prepared with the expectation that it would be kept confidential, and has in fact been kept confidential. *Dowling v. American Hawaii Cruises, Inc.,* 971 F.2d 423 at 425-426 (9th Cir.1992).

    Factor 3 is the one which is impacted by the conflicts in the case law whether allowing discovery of involuntary reports would curtail the free flow of information.

    In this case, the Coast Guard requires a post-accident investigation, so Defendants' report was not prepared voluntarily, but in response to regulatory requirements, which weighs against the self-critical analysis privilege, under some courts' analysis, but to the contrary under others'.

    Plaintiff argues that since Defendants had to prepare a report per Coast Guard and ISM regulations, then the report's disclosure to Plaintiff is not going to dissuade them from preparing reports in the future. Plaintiff also argues that Defendants fail to show any consensus among the states as the existence of a self-critical analysis privilege for such post-accident investigation reports.

    However, this conclusion conflicts with some of the court's discussion in *Dowling*, and in other cases, per a law review article noting the divergent case law: that the privilege could apply to either legally required involuntary post-accident investigations, or to voluntary ones, and if the investigation and subsequent report were not voluntary that could weigh in favor of the privilege or not:

> See Dowling, 971 F.2d at 426-27 (citing O'Connor v. Chrysler Corp., 86 F.R.D. 211, 218 (D. Mass. 1980), for the proposition that: "It may be unfair for a court to require a party to turn over to an opposing litigant self-damning assessments that the government has required it to prepare."). On the other hand, the "chilling effect" rationale for recognizing the SCA privilege is less relevant where the reports are legally required. See Witten v. A. H. Smith & Co., 100 F.R.D. 446, 453 (D. Md. 1984), aff'd, 785 F.2d 306 (4th Cir. 1986).

THE ISM CODE AND SHIPOWNER RECORDS: SHARED SAFETY GOALS VS. INDUSTRY'S PRIVACY NEEDS 11 U.S.F. Mar. L.J. 1, 46 (.1998-1999)

    9. With respect to Defendants' claim of attorney-client privilege for the documents which were given to in-house counsel and upon which or in response to which she gave legal advice, was the advice about the preparation of the IIR? Was it in response to what was in the IIR? Who was it communicated to? How much of it was business advice as opposed to legal advice? Were the types of advice intermingled?

The parties shall file simultaneous briefs within two weeks of the issuance of this order and responsive briefs within one week of the filing of the initial briefs. The matter will then be heard March 31, 2010 at 9:30 a.m.

IT IS SO ORDERED.

DATED: March 2, 2010

_____
James Larson
United States Magistrate Judge

G:\JLALL\CASES\CIVIL\09-1669\Brief 19.wpd