UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Jewell, | No. C 09-1669   JL |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR PROTECTIVE ORDER (Docket # 19)** |
| Polar Tankers Inc, et al. | |
| Defendants. | |

**I.     Introduction**

This Court has original jurisdiction over this maritime personal injury case under the Jones Act, 46 U.S.C. §30104. All parties consented to this Court's jurisdiction under 28 U.S.C. §636(c).

Defendants' motion for protective order was initially submitted in a five-page joint statement by the parties but the Court ordered the parties to brief the matter fully, in light of the complexity and novelty of the legal issues. The parties submitted supplemental briefs and responses in response to the Court's order and the matter came on for hearing. Lyle C. Cavin, Jr. appeared for Plaintiff and Max Kelley,  appeared for Defendants. After the hearing, Defendant filed under seal a copy of the IIR and a Supplemental Declaration by Defendants' in-house counsel, Katharine F. Newman. The Court carefully considered the briefing and arguments by counsel and the post-hearing submissions and hereby denies

the motion. Defendants shall produce to Plaintiffs the person most knowledgeable ("PMK") with regard to post accident root cause analysis and any documentation of corrective action prior to and after Plaintiff's injury. In connection with the deposition, Defendants shall also produce any and all documents drafted by the PMK or others relating to post accident root cause analysis. Compliance shall be due within ten days of issuance of this order.

## II.  Analysis

### A.  Neither the U.S. Supreme Court nor the U.S. Court of Appeals for the Ninth Circuit recognize the self critical analysis privilege

Defendant claims that the Incident Investigation Report, ("IIR") prepared after the accident is protected by the "self-critical analysis" privilege ("SCA"), Defendant relies on *Dowling v American Hawaii Cruises, Inc.*, 971 F.2d 423 (9th Cir. 1992) as the basis for the existence of the privilege in the 9th Circuit, as well as for their position that the privilege applies to their IIR.

However, *Dowling* does not stand for the creation of such a privilege in the Ninth Circuit, but acknowledges that presently there is no such privilege. The court in *Dowling* held that "*Even if such a privilege exists*, the justifications for it do not support its application to voluntary routine safety reviews." *Id.* (Emphasis added.) A more recent Ninth Circuit case holds that the privilege has never been recognized by that court or any other court in Oregon or California. *Union Pacific Railroad Company v Brent Mower*, 219 F.3d 1069 (9th Cir. 2000).

Furthermore, when faced with a claim of the privilege, the court in *Dowling* refused to apply it, citing the US Supreme Court's longstanding view that the policy favoring open discovery requires privileges must be "strictly construed." The US Supreme Court further held that the privilege is not authorized by Congress and not "sufficiently important to outweigh the need for probative evidence." *University of PA v EEOC*, 493 U.S. 182, 189 (1990).

There is no basis for applying the privilege in this jurisdiction. There is a "well recognized federal policy of promoting broad pre-trial discovery…" *Boyd v City of New*

*York*, 1987 WL 6915 at 1 (S.D.N.Y Feb.11, 1987). Further, privileges are "not lightly created, nor expansively construed, for they are in derogation of the search for truth." *U.S. v Nixon*, 418 U.S. 683, 710 (1974). While some Circuits have recognized the existence of a self critical analysis privilege, the majority have declined to do so. The Ninth Circuit has never recognized it and the US Supreme Court has disavowed it. The state courts in California have similarly rejected its existence. There is no reason for this court to grant such extraordinary relief to Defendants and create the privilege in the Ninth Circuit.

### B. The IIR is not subject to the attorney-client privilege.

Typically, an eight-part test determines whether information is covered by the attorney-client privilege: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n. 2 (9th Cir.1992) The party asserting the privilege bears the burden of proving each essential element. *United States v. Munoz*, 233 F.3d 1117, 1128 (9th Cir.2000).

In a case concerning a claim of attorney-client privilege for an internal corporate investigation, the court of appeals very recently reaffirmed the burden on the party asserting attorney-client privilege and the strict limits on its scope and application. The court in *U.S. v. Ruehle* held that the privilege should be strictly construed and limited in scope. In particular, the mere submission of a report to an attorney for review does not render the communication privileged. *U.S. v. Ruehle,* 583 F.3d 600, 607 -608 (9th Cir. 2009).

This Court, with these principles in mind, carefully considered the parties' briefing and arguments on this issue and reviewed the IIR, and Supplemental Declaration of Defendant's in-house counsel, Katharine F. Newman, both submitted under seal. The Court concludes after its review that the attorney-client privilege does not apply to the IIR in question.

### III. Conclusion and Order

For the reasons stated above, the court hereby denies Defendants' Motion for a Protective Order. Defendants shall produce to Plaintiff the person most knowledgeable ("PMK") with regard to post accident root cause analysis and any documentation of corrective action prior to and after Plaintiff's injury. In connection with the deposition, Defendants shall also produce any and all documents drafted by the PMK or others relating to post accident root cause analysis. Compliance shall be due within ten days of issuance of this order.

DATED: April 8, 2010

_____
James Larson
United States Magistrate Judge

G:\JLALL\CASES\CIVIL\09-1669\Order Deny 19-short.wpd